IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD FOXWORTH, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 1:12-cv-00814-SCJ-RGV |
| CRAIG R. GOODMAN LAW<br>OFFICES, LLP, et al., | : |
| Defendants. | : |

**ORDER FOR SERVICE OF FINAL REPORT AND RECOMMENDATION**

Attached is the Final Report and Recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and this Court's Local Rule 72.1. Let the same be filed and a copy, together with a copy of this Order, be served upon the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file a written objection, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order. Should an objection be filed, it shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable). If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 2nd day of April, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD FOXWORTH, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:12-cv-00814-SCJ-RGV |
| : | |
| CRAIG R. GOODMAN LAW : | |
| OFFICES, LLP, et al., : | |
| : | |
| Defendants. : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

On March 9, 2012, plaintiff Donald Foxworth ("plaintiff"), proceeding *pro se*, filed a civil action against defendants Craig R. Goodman Law Offices, LLP ("CRGLO") and Craig R. Goodman ("Goodman"), collectively referred to as "defendants," alleging a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. [Docs. 1-1 & 3]. Plaintiff was granted leave to proceed *in forma pauperis*, [Doc. 2 at 1], but due to the conclusory nature of the allegations in his complaint and because he "failed to adequately state a claim under the FCRA that is plausible on its face," [id. at 5], on March 13, 2012, this Court ordered plaintiff to file an amended complaint within fourteen (14) days, addressing the deficiencies noted in the Order, and complying with Rule 8 of the Federal Rules of Civil Procedure, see [Doc. 2]. Plaintiff filed an amended complaint on March 26, 2012, [Doc. 4]; however, his amended complaint suffers from the same deficiencies as his

original complaint. Plaintiff's amended complaint is therefore before the Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2), and for the following reasons, it is **RECOMMENDED** that plaintiff's amended complaint, [Doc. 4], be **DISMISSED WITHOUT PREJUDICE**.

"'Where a plaintiff is proceeding in forma pauperis, a district court is required to sua sponte determine whether the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.'" Bacon v. Ga. Ports Auth., No. CV410-281, 2010 WL 5538515, at *1 n.3 (S.D. Ga. Dec. 17, 2010), adopted as modified by 2011 WL 43504, at *1 (S.D. Ga. Jan. 6, 2011) (citations omitted) (quoting 28 U.S.C. § 1915(e)(2)). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). That is, "[a]n *in forma pauperis* complaint is considered frivolous if the Court determines the factual allegations are 'clearly baseless' or the legal theories are 'indisputably meritless.'" Austin v. Fla. Dep't of Children & Families, No. 3:09-cv-907-J-25MCR, 2009 WL 3817602, at *1 (M.D. Fla. Nov. 16, 2009), adopted at *1 (quoting Neitzke, 490 U.S. at 327). A complaint may be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). While *pro se* pleadings are entitled to

liberal construction, "liberal construction cannot serve as a substitute for establishing a cause of action." Austin, 2009 WL 3817602, at *1 (citation omitted).

Plaintiff's amended complaint is identical to his original complaint with the exception of the addition of four paragraphs.  Specifically, plaintiff's original and amended complaints assert that plaintiff viewed a copy of his consumer credit report from Equifax, a credit reporting agency, at some unspecified time, and thereby discovered that "Defendant" had obtained his consumer credit report in November of 2011.  [Doc. 3 at 2 ¶¶ 8-9; Doc. 4 at 2 ¶¶ 8-9].[1]  According to plaintiff, he mailed defendants a notice of intent to sue letter in which he asked defendants "to respond within a certain time frame as to why Defendant CRGLO would be on his credit report," but defendants failed to respond, so he therefore mailed another letter asking the same question, and defendants again failed to respond.  [Doc. 3 at 2 ¶¶ 10-11; Doc. 4 at 2 ¶ 10, 3 ¶ 11].  Plaintiff then asserts that he "has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant CRGLO."  [Doc. 3 at 3 ¶ 19; Doc. 4 at 4 ¶ 19].  Plaintiff maintains that defendants therefore obtained his consumer credit report without his consent and without any permissible purpose in violation of 15 U.S.C.

---

[1] Both plaintiff's original and amended complaints contain two paragraphs numbered 8.  See [Doc. 3 at 2; Doc. 4 at 2].

3

§ 1681b,[2] conduct that he characterizes as an "egregious violation of [his] right to privacy." [Doc. 3 at 4 ¶¶ 20-22; Doc. 4 at 4 ¶¶ 22-23, 5 ¶ 26].

In addition to these allegations, plaintiff's amended complaint asserts the following:

> FCRA in 15 U.S.C. § 1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title, the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement, [Doc. 4 at 4 ¶ 20 (emphasis omitted)];

> The definition of "account" clearly does not include an account such as credit card open end credit account but does include a demand deposit account, savings deposit or other asset account, which is totally different. The Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull, [id. at 4 ¶ 21 (emphasis omitted)];

---

[2] Pursuant to 15 U.S.C. § 1681b(f),

> A person shall not use or obtain a consumer report for any purpose unless–
>
>> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>>
>> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

4

> Defendants were well aware that they, as a 3rd party debt collector did not nor ever had any contractual agreement or obligation of any type with the Plaintiff that can be construed as to any transaction-taking place between the two parties, which in and of itself shows willful intent on behalf of the Defendants, [id. at 5 ¶ 24];
>
> Defendants action caused a negative impact on Plaintiff's credit score, which was lowered causing him to pay a higher premium for insurance and a higher interest rate on future loans, [id. at 5 ¶ 25 (emphasis omitted)].

Based on these additional allegations, plaintiff appears to assert that defendants, as debt collectors, had no permissible purpose to pull his credit report under 15 U.S.C. § 1681b(a)(3)(A) since the term "account" as used in that section does not include open-end credit card accounts, but only demand deposit accounts, savings deposit, or other asset accounts, which he allegedly did not have. [Id. at 4 ¶¶ 20-21]. However, similar allegations have been rejected as frivolous by at least one other court. See Hinkle v. CBE Grp., Case 3:11-cv-00091-DHB-WLB, at [Doc. 3 at 2, 4 n.5] (S.D. Ga. Dec. 1, 2011) ("If Plaintiff's argument is that Defendant may not access her consumer report to collect on a credit card debt, this argument must fail.") (citing Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011) (per curiam) (citations omitted) ("holding that 15 U.S.C. § 1681b(a)(3)(A) authorizes a collection agency to access a consumer report to collect on delinquent credit card debt")). Because plaintiff still does not explain how defendants violated the FCRA by

accessing his consumer report,[3] and because a collection agency retained by a creditor to collect a debt owed by a consumer has "a permissible purpose for obtaining a consumer report in conjunction with its collection activities," [Doc. 2 at 6 (citation and internal marks omitted)], he has failed to state a plausible claim under the FCRA.  Accordingly, it is hereby **RECOMMENDED** that plaintiff's amended complaint be **DISMISSED WITHOUT PREJUDICE**.  See Hinkle v. CBE Grp., No. CV 311–091, 2012 WL 681468, at *4 (S.D. Ga. Feb. 3, 2012), adopted by 2012 WL 676267, at *1 (S.D. Ga. Feb. 29, 2012).

The Clerk of Court is **DIRECTED** to terminate referral of this action to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED**, this 2nd day of April, 2012.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff does not allege that defendants accessed his consumer report in attempting to collect on a credit card account that he did not have, see Hinkle v. Northland Grp., Inc., Civil Action No. 3:11-cv-084, at [Doc. 5 at 2] (S.D. Ga. Nov. 22, 2011), but simply alleges that he did not have an "account" as defined in 15 U.S.C. § 1693a, see generally [Doc. 4].